Thank you, Your Honors, and may it please the Court. My name is Kerry Fonda and I represent Zyzzx2, the successor in interest to Ellen Management LLC, Series 8246 Azure Shores, the purchaser of an HOA foreclosure sale. I would like to reserve two minutes for rebuttal. Today I will be addressing why this Court should reverse and remand this matter with instructions to remand back to the State Court. The sole issue in this appeal is whether the District Court erred when declaring the prior homeowner a fraudulently joined defendant and denied Ellen Management's motion to remand to State Court. Did you ever serve that defendant? I couldn't see any evidence in the record that you either served or explained to the District Court what efforts were made to effect service prior to the expiration of the 120-day period under the rule. Your Honor, at the point that it was remanded, time to serve remained, and I will get into that, but the bottom line here is— What's the answer to my question? There has not been service, but there— Why didn't you serve? I don't understand this practice of naming defendants but then making no effort to effectuate service or process on them. In this case, Your Honor, it turned out that Ms. Dyson, the prior homeowner, had passed away. At one point, we did a suggestion of death to the court that was rejected. However— How can the court reject a suggestion of death? That's a first. I've never heard of that happening. Well, part of it was we also tried to substitute her at the same time— substitute the estate, I should say. Right, which would be proper, would it not? But at the time, they would not allow us to do that. The court would not allow the substitution? That's correct. Why couldn't you just serve the estate? I don't understand why you would need permission. Well, Your Honor, at the point—the issue is, is we— when the case was removed, there was still time to serve. And any actions taken by the— Right, but my question was, did you ever serve? And I think I hear the answer is no, we didn't. We made attempts, and one of the issues that we're going to approach is once this is remanded as it should have been, we would have—we will move to extend time to serve and serve the estate. However, when it was removed, in waiting for the motion to remand be—to be decided, it would have—there was futility because the court could not order us to serve her under Rule—Federal Rule 4m because they lacked jurisdiction. The issue here is when they removed, did they have jurisdiction to make those orders, and they did not. As Your Honors know, the federal courts are courts of limited jurisdiction. As I stated, the district court at the time of removal lacked subject matter jurisdiction because there wasn't a diversity of citizenship. They lacked subject matter jurisdiction under 28 U.S.C. 1447C. As was stated in In Re Amico Petroleum Additives Company 964 F. Second 706, any defect in the removal process or the lack of subject matter jurisdiction requires remand. There was no remand in this case. The Supreme Court further held in Grupo Dataflux v. Atlas Global Group, L.P. 541 U.S. 567, it has long been the case that jurisdiction of the court depends upon the state of things at the time the action is brought. Again, at the time of removal, the time to serve was— Counsel, I'm sorry to stop you, but I'm still confused by your answers to my question. As I read the record, it looked to me like Judge Mahan didn't rule until two months after the time to serve Daison had expired. But, Your Honor, he didn't even have jurisdiction to rule. What he should have done is— Counsel, I asked you earlier first whether or not you made an effort to serve. And I thought I heard you say to me that time remained to effectuate service when the district court entered its order. But that's not what the record shows, is it? No, Your Honor. The record shows just the opposite, that the district court didn't rule until— first of all, you were given notice under Rule 4M by the clerk that you either had to serve or you had to explain what efforts you'd made to attempt to serve, and you filed nothing in response. The 120 days passed, and then two months later, the district court denies the motion to remand. Isn't that the timeline here? No, just to clarify, Your Honor— Is that the timeline or not? That is the timeline. However— Though the court didn't rule until after your time to serve either Daison or the estate had passed. Well, Your Honor, to clarify, at the time of removal, the time to serve had not expired. But at the time the court entered the judgment, there was diversity, was there not, because of your failure to effectuate service on Daison? But the problem here is, Your Honor, the time that is most pertinent here is at the time of removal. If there was—if they had original subject matter jurisdiction— you can look at whether or not there's diversity jurisdiction at the time that the court enters the order. Isn't that a caterpillar? That is, Your Honor, but at the same time— Why shouldn't we affirm on the alternative ground that I'm questioning you about? Because that would set a precedent where all a court has to do is wait 120 days, and if the party doesn't serve— That's not what happened here. You were warned when the clerk issued the for-him notice before the expiration of the 120 days that you were about to run out of time and that you still hadn't served, and you did nothing. You had fair notice, but you ignored it. Well, Your Honor, because the court didn't have the power to issue those orders at the time of removal. They lacked subject matter jurisdiction because of diversity of citizenship, which has been established in Weeping Hollow. And without the power to make those decisions, they couldn't have made those decisions. Did we go back to the point where at the time of removal is when subject matter jurisdiction is determined? Isn't the question, though, whether—is it Dizon? Is that how it's pronounced? Yes, Your Honor. Whether Dizon was fraudulently joined? That is the question. And isn't your failure to serve Dizon or Dizon's estate good evidence of fraudulent joinder? No, it is not, because if it had been remanded, we still had an opportunity to serve her, and we had to wait for the court to make its decision. Even though you've now conceded that the time to serve had lapsed? But, Your Honor, because it was moved over to the federal courts at the time of removal, the Dizon was not a fraudulently joined defendant. And as such, the court should have immediately remanded, and at that time the State Court could address any failures to serve. You can help me out by going back over again in a way that maybe fills in a detail or two. You said that Ms. Dizon dies. That's correct, Your Honor. And that you need to substitute in as a defendant her estate, which makes perfect sense to me. Correct, Your Honor. And then you said something about we sought the court's permission to do something. Now, first off, which court was it from which you sought the permission? Well, at that point it was the federal court. We moved to substitute her. Substitute the estate, I should say. And the district court denies that motion? Correct. When? I don't have that in front of me, Your Honors. It was after the 120 days had expired? I do not believe it was after the 120 days, but my time has expired. No, we'll keep talking. We'll make sure you get plenty of time to say what you need to say. Thank you, Your Honor. So you go to the district court and say Ms. Dizon has died. We can't serve her, obviously. We have to serve the estate, and we have to substitute the estate in as the defendant in her place. That's correct. And the district court for some reason denies that motion to amend the complaint to add that estate as a defendant? At that point, yes. Does the district judge give any explanation as to why that's denied? I do not recall off the top of my head what the reasoning was. And you now have a named defendant who's deceased, and you obviously can't serve that person. You've asked to amend the complaint to add or to substitute in the defendant, but that's not allowed. So who are you going to serve? Well, again, it comes back to the fact that if it had been remanded as was required under the rule, we would immediately move in the state court to amend, which is given liberally. We would substitute the real party in interest, and then we would move to extend, which is our intention if this is remanded back to move for an extension, because I think there's a good cause as to why we never sought it prior to in that case. And at what point does Ms. Dizon die, if you know, in terms of, you know, you filed your complaint, you were removed and so on. Do you know at what point she died? I do not know. I do know that at some point after we filed our complaint, it came to our attention that she had passed and that was in the state. I see. But she may have died actually before you filed the complaint. She may have. I don't have the death certificate in front of me, so I can't speak to that. I assume we can look at the docket and figure out what the timeline is from the fact that you filed the motion, and then we can look at the motion. Yes, Your Honor. Yeah, yeah, no, we can pick all this up. It wasn't apparent from your briefing, which is why I'm now asking you these things. No problem. Why don't we hear from the other side? We've taken you slightly over time, but we will give you a chance to respond. Thank you, Your Honors. Good morning, Your Honors, and may it please the Court, Andrew Jacobs for Wells Fargo. The argument Zizeks is making conflicts very squarely with both Weeping Hollow and Caterpillar v. Lewis for reasons Your Honors have alluded to through questions. Let me at least get something that I think we can clear some of the underbrush out. If Ms. Dizon were still alive and if she had been served, you lose, is that right? If she had been served, sure. Okay. Right. And if the estate had been substituted and had been served, you also lose, is that right? Yes, that would be the selfsame thing, Your Honor. Absolutely. And none of that happened in this record, which is why we win. And at the time of the removal, time was available still to serve whichever defendant was the right defendant? Absolutely, Your Honor. And the Court gave ---- So at the time of the removal, there was no fraudulent joinder? At the time of the removal, no, we would not agree with that, Your Honor. And our motion below was that there was fraudulent ---- So why would you not agree with that? Yes, Your Honor. At the time removal was effected below, Wells Fargo filed a motion asserting that there was fraudulent joinder, because under NRS 40.010, there had to be at least the possibility of a claim being brought for there to be ---- Yes, but you lose under Weeping Hollow, which you've already conceded. So my question is, at the time of removal, when we have a defendant named, whether it's Ms. Diazon or the estate, and service, time for service has not yet run, is there a fraudulent joinder? Well, two arguments, if I may, Your Honor. The first one, Your Honor's question ---- The answer, yes or no? Was there fraudulent joinder at that time? At the time of the removal, when service was still possible. We believe there was for an argument that was later rejected in Weeping Hollow. Yes. So you would lose then, if the question ---- if the determinative question is, was there fraudulent joinder at the time of the removal? No, we would not lose, because that would undo the rule of Caterpillar v. Lewis. That would be an analytic bootstrap counsel was offering you that undoes the fact that in Caterpillar v. Lewis, it was erroneous. It was an error in the district court to retain jurisdiction, and that is all that would be established were the answer to my question, that the question be otherwise. Life would be an awful lot easier if the district judge had dismissed Diazon or whatever the proper defendant is, for lack of service. But that's not what the district judge did. The district judge dismissed for fraudulent joinder. Well, the district judge gave notice that there would be dismissal mandatorily. The rule also mandates that. So I think that there's an inference in the judge doing it subsequently that it was for that reason in part. Well, but he didn't say that. I read the judge's order. No, no. Absolutely, Judge Fletcher, he didn't come out and say that. He did issue an order saying it will occur. But he never did it. And what he did say was, I dismiss for fraudulent joinder. He dismissed for fraudulent joinder at a time before Weeping Hollow had occurred. And also the complaint in this case was different than the complaint in Weeping Hollow necessarily. I mean, they're different complaints. And in this complaint, they pleaded that it was a former owner and they didn't assert in any way that there was a claim that could be brought by the former owner. They don't they went out of their way almost in the pleading not to plead it. So I'm not sure. Is your argument then that even though the district court may have erred in its fraudulent joinder conclusion, we may still affirm on the lack of timely service? I don't respectfully with the exchange with Judge Fletcher, I don't agree that under NRS 40.010 that when a complaint doesn't say the former owner might assert a claim that that is a proper defendant. So I think there is an argument there for fraudulent joinder. Okay. But that's not my question. And I thought you just conceded that if it's a pure question of fraudulent joinder, you're loose. Yeah. And so then I'm throwing you a soft pitch here, Counsel, but you're swinging at the bleachers. I mean, can our case law says that we can affirm in district court on any grounds supported by the record? And assuming we don't buy your argument on fraudulent joinder, can't we affirm it alternatively, affirm on the lack of timely service? Yes, Your Honor. The lack of timely service, and I think to me analytically, the lack of timely service does create fraudulent joinder, because if, for example, they had filed something at the start saying, I subjectively intend never to serve Dizon, that would be fraudulent joinder, going to, I think, the premise of Judge Hawkins' last question. And I think that's right. They showed no intention to serve Dizon. But we don't have a case that says that the mere failure to timely serve establishes fraudulent joinder per se, do we? No, but you have language in Weeping Hollow where the panel strongly suggested that if the time had elapsed, that fraudulent joinder could then be found. And so the panel has given you the bridge to that, and it was pretty clear in that panel's thinking that that was so. And then this case went on to be litigated for three years and ultimately resolved in your client's favor on summary judgment, right? Correct, Your Honor. So that's why you're citing to Caterpillar. Right. And in Caterpillar, you had a much stronger case for the application of the doctrine, because in Caterpillar, you had two and a half years of litigation with a nondiverse defendant in here. Here, you had essentially no litigation with the additional defendant who could be argued to defeat diversity, and they were never served by virtue of the omissions of the opposing party. It's a much stronger case than Caterpillar for the result Caterpillar entailed. I've got a different question for you. So this is a hypothetical case. It's not your case. Plaintiff, citizen of Nevada, sues two defendants. One of the defendants is a citizen of California. The other is a citizen of Nevada. No, I'll take it back. No, he continued. I've got to think my way through this one some more. Okay. Okay. Thanks, Your Honor. I wanted to bring something to your attention. I was the counsel that argued Weeping Hollow and the same day Bourne Valley, which was the case where this Court held unconstitutional the whole statute we're talking about. Interestingly, after the Bourne Valley opinion came out, the panel was immediately confronted with a motion saying, you have no subject matter jurisdiction, because in Bourne Valley, look, we had this nondiverse defendant who was Johnson, who, by the way, was also deceased. And the same panel that came out unanimously with the Weeping Hollow rule was unimpressed by that and found no lack of subject matter jurisdiction in that case where there was the presence throughout of the deceased nonserve defendant Johnson. So that same panel rejected that logic when it was given the opportunity to address. How can a deceased nonserve plaintiff be present? The deceased nonserve plaintiff was named in the case. Johnson was named in the case. But in that case, Judge Mahan waited five extra months and gave them all the time in the world to come in and show good cause, which is the thing lacking here. If you have a deceased defendant, you get to come in and say, gosh, that's good cause. I'm going to have to seek substitution under the applicable principles of law. I'm going to have to seek to have someone named as a representative of the estate. And it's kind of an exercise in victim blaming to say to the district court, gosh, you really messed up, district judge, when there's nothing in the record saying there's good cause. And I've never asked this before in an oral argument, but I can't find on the face of this record any request with my record materials to ask the district judge, hey, I've got a deceased person. I've got to go through that extra hoop jumping to do. So is your recollection that that never happened? I don't see it on the face of the docket. It's not in their briefs. That's an unfamiliar suggestion. But the right thing to do is to say there's good cause. And the Court invited that by order, which is what Rule 4 asks the judges to do. And Caterpillar is really very clear about the importance of speed in dealing with  I think the judge below is to be commended for trying to deal with it rapidly and up front, issuing an order saying please go ahead and serve or give good cause. And the policy purposes in Caterpillar that that entire scheme is there to serve is the purpose of quickly addressing the issue. This district judge did that and does not deserve to be reversed for that reason. So can you So your recollection was there was no motion filed with Judge Mahan suggesting death and asking for permission to substitute the estate for the named individual. Conceitedly it not being argued, I wasn't thinking about that coming in, but I sat there for three minutes and flipped through the record and couldn't find anything about it. So if it's We can look at the record independently. I don't We're all of us, except your adversary, surprised by this. I don't see it. And if it is suggested there in some way, we'd appreciate the chance to respond. I'd actually like to go back to a remark, Judge Tallman, you made at the very start of your colloquy with counsel. When you said, I don't understand this practice of not serving the defendant. Well, I'd like to suggest you a reason for the practice of not serving the defendant because I litigate a lot of these cases. I think I know where you're going. They're foreclosing people out of their homes and they don't want the person in their defending arguing that the foreclosure sale was inappropriate. And every single word in their papers about how necessary and important this party is is exactly why it's fraudulent joinder. Is that because under Nevada law, they would then have the opportunity to contest the commercial reasonableness of the bid price for the sale? They would. And they'd have the liberty to argue for the constitutional deprivation, just like Wells Fargo has done in many of these cases. But to say that they're super necessary And if the court agreed with that argument, then it would set aside the foreclosure sale, would it not? It could. In quiet title. It could. Probably in favor of either the bank or the property owner. Yes, but it's a forum selection rule on their part because the state courts are much friendlier to these claims. In this court, that statute is unconstitutional. So they'd love to be able to name a defendant collusively and then throw the case back to the state court where they usually win without having to litigate it. But here they didn't serve her. And as they say in the old days, it should kind of not lie in their mouth to say how important this party is when they go to such lengths never to serve that party. Thank you, Your Honors. Thank you. Thank you. Well, we took you slightly over time. Let's put two minutes on the clock. Thank you, Your Honor. Do you want to answer that question? Which question is that? Did you ask the district court? Your Honor, it is my recollection that we did that. If my recollection is foggy, regardless of— Well, that's a pretty powerful thing to not know. Well, Your Honor, it is my—with all due respect, Your Honor, we have probably upwards of 300 of these cases. It is my recollection that that did happen. But regardless of— Well, I'm going to tell you this as an individual judge. If you do not supply this panel within 10 days the precise docket entry and transcript, if there is one, that shows that that's happened, you've got problems. Yes, Your Honor. I concur in that. Yes, Your Honor. I'd like to see your request, and I'd like to see the district court's response to it. I will— If it exists. I will supplement that. Just in case you need a three-zip on that, you got it. Yes, Your Honors. Regardless of that, that doesn't change the fact that at the time that it was removed, the court lacked subject matter jurisdiction. And he orders—and Your Honors hit it straight on the head. The fact of the matter is, is the order that was issued regarding the denial of remand was an order that clearly stated that they were—that Judge Mahan was denying it based on fraudulent joinder, not Rule 4M, not based on his order to serve, solely based on fraudulent joinder. A question for you that's not intended to be facetious. You claim that the district judge had no jurisdiction because there was no fraudulent joinder, yet you tell me that you moved in front of the court that had no jurisdiction to allow substitution of the defendant? Because we had no other choice. At the time, he hadn't—at the time, there had been no orders. So, therefore, until he orders remand or makes a ruling on the motion to remand, we have no other choice. Okay. Thank you. Thank you very much. And we would appreciate some— I will supplement that. And, of course, copy the other side on this. I will do that, Your Honor. Thank you very much. The case is ZZYZX2 v. Wells Fargo, submitted for decision. The next case on the argument calendar, and it may take us a minute to set it up, is a telephone argument, Grand Care v. Mariner Healthcare v. Thrower.
judges: Hawkins, W. Fletcher, Tallman